**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2224-18T3

REBECCA ASHE,

     Plaintiff-Appellant,

v.

NEWARK BETH ISRAEL
MEDICAL CENTER,

     Defendant-Respondent.

_____

Argued December 4, 2019 – Decided December 23, 2019

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3013-15.

Eric G. Kahn argued the cause for appellant (Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, attorneys; Eric G. Kahn, of counsel and on the brief).

Eileen Bass Rudd argued the cause for respondent (Hardin, Kundla, McKeon & Poletto, PC, attorneys; Eileen Bass Rudd, on the brief).

PER CURIAM

Plaintiff Rebecca Ashe appeals from a December 14, 2018 order dismissing her complaint against defendant Newark Beth Israel Medical Center (hospital) with prejudice. We reverse and remand.

Plaintiff alleged she suffered an injury during a blood draw performed by an employee of the hospital on May 7, 2013. There is no evidence in the record describing the nature of her injury.

On May 2, 2015, plaintiff filed suit, alleging she suffered "permanent personal injuries" arising from the "careless and negligent" care provided by the hospital. The hospital was served with the complaint on November 1, 2016 and filed its answer about one month later.

In March 2017, plaintiff requested the hospital identify the phlebotomist who drew her blood on May 7, 2013. Plaintiff also served deposition notices, requesting the hospital produce an individual with knowledge to ascertain the identity of the target phlebotomist. The hospital did not produce anyone for deposition and responded it was unable to identify the specific phlebotomist because the blood draw records were discarded pursuant to hospital policy.

Almost two years after filing its answer, the hospital filed a motion to dismiss plaintiff's complaint pursuant to Rule 4:4-1 and Rule 4:37-2(a) based on

the failure to serve the summons within fifteen days from the date of the Track Assignment Notice. The motion judge heard oral argument on October 19, 2018.

The hospital argued plaintiff's failure to timely serve the summons "resulted in an inability to identify the person who drew the blood," causing prejudice. In opposition to the motion, plaintiff contended the blood draw records "could have been destroyed before the time [plaintiff] should have served the complaint and if – if that's the case, . . . then [the hospital] hasn't established prejudice."

The judge concluded it was unclear when the blood draw records were destroyed, and whether the records were discarded in the normal course of business pursuant to a specific written policy. The judge indicated that if the hospital presented a "specific certification or policy that . . . would specifically tie a timeframe" regarding destruction of the records, he might have granted the motion. Absent such information, the judge denied the motion without prejudice and allowed the hospital to refile when it obtained information "specifically detailing the prejudice suffered . . . ."

The hospital renewed its motion to dismiss on October 31, 2018. The renewed motion included a certification from Carol Carson, the hospital's Interim Administrative Director of the Department of Laboratories/Blood

3

Supervisor. According to the Carson certification, the blood draw logs were maintained by the hospital for a minimum of two years from the date of blood draw "as required by the College of American Pathologists (CAP) and the [hospital's] Department of Laboratories Record Retention Policy." Carson further certified: (1) "due solely to [p]laintiff's delay in filing and serving her [c]omplaint, the hospital no longer retains the blood draw accession log from May 7, 2013"; (2) the hospital "cannot identify with certainty the exact date when the blood draw accession log containing information on [plaintiff's] May 7, 2013 blood draw was disposed of . . ."; and (3) the hospital's disposal of the blood draw accession log, "depending on the storage needs of the individual department involved," would have been "at the earliest, in June of 2015 and prior to the end of the 2015 calendar year."

Due to plaintiff's delay in serving the summons, Carson explained, "as the relevant blood draw accession log is no longer retained that would have contained the phlebotomist's initials, the hospital is unable to produce the phlebotomist for deposition . . . ." Absent from the record on the renewed motion is a definitive date when the hospital discarded the blood draw log to ascertain the prejudice, if any, suffered from plaintiff's delay in service of the

summons. Nor did the Carson certification state there was no person at the hospital with knowledge of phlebotomists in its employ in May 2013.

The judge heard argument on the renewed motion on December 14, 2018. After reviewing the motion papers, the judge explained, "I still believe, the case law really turns on the prejudice issue. What is the prejudice? . . . Can it be cured? Are there less drastic remedies other than dismissal?" He concluded the issue of prejudice was case-specific, consistent with case law, and dismissal of the complaint should be reserved "for those situations where no less a sanction will erase the prejudice suffered by the non-delinquent party."

Ultimately, the judge determined there was no less drastic remedy he could impose that would alleviate prejudice to the hospital. The judge concluded plaintiff's failure to send a preservation of documents letter was a critical factor in dismissing the case because if the hospital had been on notice of plaintiff's pending litigation, the blood draw logs would have been retained.

The trial judge stated,

> I know counsel argues that [the hospital was] probably prejudiced because [the blood draw logs] probably were destroyed, but we don't know specifically. I don't know how they could do anything else. Because we have the certification that the records were destroyed in that time period and would not have been but for the lengthy passage of time from filing to service.

A-2224-18T3

> The earliest, according to the certification, would have been destroyed June of '15. Certainly[,] by the end of the calendar year they were, and they just simply had no notice of this . . . lawsuit. And there's nothing plaintiff submits that [the blood draw logs] were destroyed after the hospital received a summons and complaint.

In granting the hospital's motion, the judge failed to address statements made by the hospital's counsel during oral argument. Counsel for the hospital stated, for the first time, that "there were two [phlebotomists] working at the time" of plaintiff's injury. The judge did not question why it would have been difficult for the hospital to identify the individual who drew plaintiff's blood if there were only two phlebotomists employed on that date.[1] Nor did the judge question the statement by the hospital's counsel that there was an "unwritten policy that [defendant] wouldn't dispose of [the logs] on the two-year deadline period," depending on "the needs of the lab . . . in holding on to such information."

On appeal, plaintiff argues the hospital failed to present specific and demonstrable prejudice due to the delay in serving the summons and therefore dismissal of her complaint was erroneous. In addition, plaintiff contends she

---

[1] In its merits brief, the hospital now asserts there were fourteen phlebotomists in its employ on May 7, 2013.

received new information during counsel's argument on the hospital's renewed motion and therefore had no opportunity to pursue the information to identify the target phlebotomist.

We review an order of dismissal based upon Rule 4:4-1 and Rule 4:37-2(a) for abuse of discretion. Woodward-Clyde Consultants v. Chem & Pollution Scis., Inc., 105 N.J. 464, 475 (1987). A trial court abuses its discretion when the "'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" United States v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Here, the hospital submitted a narrowly focused certification, stating the blood draw records were likely destroyed and the destruction date was unknown. The certification contained no information regarding the number of phlebotomists employed by the hospital in May 2013. If, as the hospital's attorney stated during argument before the motion judge, there were only two phlebotomists employed by the hospital at the time of plaintiff's injury, then the blood draw records may not have been necessary to identify the target phlebotomist. During discovery, plaintiff sought information from the hospital as to the identity of the phlebotomist who drew her blood. Whether there were

two, or even fourteen, phlebotomists employed by the hospital on the date of plaintiff's injury, the proffered certification does not indicate the blood draw records were the only source of information to identify the phlebotomist.

Also absent from the record is any explanation by the hospital how the delay in service of the summons prejudiced its ability to maintain a defense to plaintiff's action. See Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 345-346 (1984). The hospital bears the burden of showing prejudice occurring in the relevant time period. Moschou v. DeRosa, 192 N.J. Super. 463, 466-67 (App. Div. 1984) (requiring dismissal where defendant's disposal of records after expiration of the statute of limitations prejudiced his case). "[D]elay alone does not serve to create substantial prejudice." Mitchell v. Charles P. Procini D.D.S., P.A., 331 N.J. Super. 445, 454 (App. Div. 2000). "[I]t is the lack of availability of information which results from the delay that is, for the most part, determinative of the issue of substantial prejudice." Ibid.

"[D]ismissal is reserved for those situations where 'no lesser sanction will erase the prejudice suffered by the non-delinquent party.'" Olds v. Donnelly, 150 N.J. 424, 438-39 (1997) (quoting Crispin, 96 N.J. at 345). The key factor in a dismissal decision is a showing of "specific or demonstrable prejudice" upon a defendant due to a delay between the filing and serving of the complaint.

McLaughlin v. Bassing, 51 N.J. 410 (1968), adopting Judge (later Justice) Sullivan's dissent in McLaughlin v. Bassing, 100 N.J. Super. 67 (App. Div. 1967). "Ordinarily, in the absence of demonstrable prejudice to the defendant, a complaint should not be dismissed because of untimely issuance of a summons." State v. One 1986 Subaru, 120 N.J. 310, 315 (1990).

Here, the hospital stated it suffered prejudice but the Carson certification failed to explain the exact nature of the prejudice. Nor did the hospital's certification indicate why it could not produce a person with knowledge regarding the identity of the target phlebotomist. The hospital may have other means of identifying the phlebotomist who drew plaintiff's blood. Given the relatively small number of phlebotomists employed by the hospital in May 2013, payroll records, security information, human resource forms, or similar information may be available to pinpoint the target phlebotomist notwithstanding the claimed destruction of the blood draw records.

On this record, we are satisfied the hospital did not establish the delay in service of the summons caused it to suffer specific or demonstrable prejudice. As a result, the dismissal of plaintiff's complaint with prejudice was an abuse of discretion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-2224-18T3